**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **FERNANDO VEGA-GARCIA,** | : | |
| | : | |
| **Petitioner,** | : | |
| | : | |
| **VS.** | : | **NO. 5:10-CR-00029 (MTT)** |
| | : | **NO. 5:12-CV-90119 (MTT)** |
| **UNITED STATES OF AMERICA,** | : | |
| | : | **Proceedings under 28 U.S.C. § 2255** |
| **Respondent.** | : | **Before the U.S. Magistrate Judge** |
| _____ | : | |

## RECOMMENDATION

Before the Court is Petitioner Fernando Vega-Garcia's Motion to Vacate, Correct, or Set Aside Sentence Pursuant to 28 U.S.C. § 2255. Doc. 84. Petitioner pleaded guilty to one count of possession with the intent to distribute methamphetamine and was sentenced to eighty-seven months imprisonment followed by five years of supervised release. As amended (Doc. 89), Petitioner's motion appears to allege that he should have been able to stipulate to removal and receive a downward departure in his sentence. Because Petitioner has failed to state a claim for relief under Section 2255 and because Petitioner's claims are procedurally defaulted, it is hereby **RECOMMENDED** that Petitioner's motion be **DISMISSED**.

## PROCEDURAL AND FACTUAL BACKGROUND

On March 10, 2010, a one-count indictment was returned in this Court charging Petitioner Fernando Vega-Garcia and co-defendant Marlon Alvarado with possession with intent to distribute methamphetamine in violation of 18 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(viii) and 18 U.S.C. § 2. Doc. 1. On November 23, 2010, Petitioner entered into a plea agreement with the Government and pleaded guilty to the indictment as charged. Doc. 80. At the change of plea

hearing, Petitioner was informed that there could be potential deportation consequences as a result of his conviction. Id.

On March 31, 2011, Petitioner's case was called for sentencing. Doc. 81. At sentencing, Petitioner argued for a minimal participant adjustment to his offense level. Id. The Court declined to give Petitioner a minimal participant adjustment and accepted the Presentence Investigation Report (PSR). Id. The Court determined that Petitioner's advisory guideline range was 87 to 107 months and sentenced Petitioner to 87 months imprisonment. Id.

On April 14, 2011, Petitioner filed a notice of appeal. Doc. 71. On appeal, Petitioner argued that his sentence was unreasonable because the district court failed to apply a mitigating-role adjustment and rendered an excessive sentence. Doc. 82. Petitioner also argued that the sentence-appeal waiver contained in his plea agreement was unenforceable because the district court did not properly explain the waiver. Id. The Eleventh Circuit determined that Petitioner waived his right to appeal in his plea agreement and denied Petitioner's appeal on September 26, 2011. On January 9, 2012, Petitioner filed the instant Section 2255 motion. Doc. 84. Petitioner then filed an amended Section 2255 motion on January 31, 2012. Doc. 89.

<u>DISCUSSION</u>

Petitioner's Section 2255 motion alleges that he should have been able to receive a downward departure in his sentence by stipulating to expedited removal proceedings. Petitioner also requests that the Court take into consideration the fact that his conditions of confinement have prevented him from obtaining benefits that could affect his release date. Because Petitioner's claims are not cognizable under Section 2255 and because Petitioner's claims are procedurally defaulted, Petitioner's motion must be dismissed.

An evidentiary hearing is not needed in this case. Petitioner has the burden to establish the need for an evidentiary hearing, and the Court is not required to hold an evidentiary hearing where the record makes "manifest the lack of merit of a Section 2255 claim." United States v. Lagrone, 727 F.2d 1037, 1038. (11th Cir. 1984). As explained below in addressing each of Petitioner's grounds for relief, the files and records in this case are sufficient to show that Petitioner's claims are without merit, and no evidentiary hearing is necessary.

Section 2255 allows a sentencing court to vacate, set aside, or correct a sentence only in instances where "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a); see also Hill v. United States, 386 U.S. 424, 426-27 (1962). Review under Section 2255, therefore, "does not encompass all claimed errors in conviction and sentencing." United States v. Addonizio, 442 U.S. 178, 185 (1979).  As such, a collateral challenge cannot act as a substitute for a direct appeal. Burke v. United States, 152 F.3d 1329, 1331 (11th Cir. 1998). Collateral review is reserved for constitutional violations and claims that "could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." Lynn v. United States, 365 F.3d 1225, 1232 (11th Cir. 2004).  A claim related to the application of the sentencing guidelines is a non-constitutional claim that may only be considered if failure to do so would result in a complete miscarriage of justice. See Burke, 152 F.3d at 1331-32.

In this case, Petitioner's claims appear to be based on the Court's failure to consider a downward departure in his sentence based on an un-named 1995 policy memorandum from the United States Attorney General. Although Petitioner's motion includes blanket assertions that his constitutional rights were violated, his claims are not constitutional in nature. As such,

Petitioner's claims are not cognizable under Section 2255 absent a showing that the Court's failure to consider the claim would result in a complete miscarriage of justice. Because Petitioner has failed to show that a miscarriage of justice would result absent consideration of his claims, Petitioner's claims are not cognizable and must be dismissed.

Moreover, Petitioner's claims are procedurally defaulted. "Under the procedural default rule, a defendant generally must advance an available challenge to a criminal conviction or sentence on direct appeal or else the defendant is barred from presenting that claim in a Section 2255 proceeding." Lynn, 365 F.3d at 1234. The procedural default rule applies to all claims, including constitutional claims. Id. A petitioner can avoid procedural default only if he establishes cause for not raising the issue on appeal and actual prejudice from the alleged error, or if he shows that he is actually innocent of the alleged crime. Id. at 1234.

Petitioner failed to raise his claims on appeal. Additionally, Petitioner has failed to present any evidence or argument attempting to establish cause for his failure to raise the issues on appeal or that he was prejudiced from the alleged error. Petitioner has also failed to allege that he is actually innocent. As such, Petitioner has failed to overcome procedural default.

There is no merit in any argument that the appeal waiver in Petitioner's plea agreement constituted cause for procedural default. On appeal, the Eleventh Circuit determined that Petitioner's waiver was made knowingly and voluntarily and held that the waiver was enforceable. To establish excusable "cause" for a procedural default, a petitioner must show that the default resulted from "some objective factor external to the defense that prevented the [petitioner] from raising the claim and which cannot be fairly attributed to his own conduct." See McCoy v. Newsome, 953 F.2d 1252, 1258 (11th Cir. 1992) (citing Murray v. Carrier, 477 U.S. 478, 488 (1986)). Petitioner's knowing and voluntary decision to waive his appeal rights is

not an objective factor external to the defense that would authorize Petitioner to raise claims on collateral review that were waived on appeal. To consider an appeal waiver in a plea agreement as cause for procedural default would allow defendants to circumvent the plea agreement and would undermine the plea bargaining process. See Ware v. United States, 2009 WL 2567023 (S.D.Fla. May 14, 2009).

Moreover, in this case Petitioner appealed his sentence despite the appeal waiver but failed to include the claims asserted in the instant motion. Because Petitioner did not raise his claims on appeal and because Petitioner has failed to establish cause and prejudice or actual innocence, his claims are procedurally defaulted and must be dismissed.

## CONCLUSION

For the above reasons, **IT IS RECOMMENDED** that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 be **DISMISSED**. In addition, and pursuant to the requirements of Section 11(a) of the Rules Governing Section 2255 Proceedings, it does not appear that Petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (explaining how to satisfy this showing) (citation omitted). Accordingly, **IT IS FURTHER RECOMMENDED** that the Court **DENY** a certificate of appealability in its final order.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned WITHIN FOURTEEN (14) DAYS after being served a copy thereof.

**SO RECOMMENDED**, this 5th day of September, 2012.


s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge